## 43715.  BRADFORD v. THE STATE.

458

SUBMITTED JUNE 4, 1968—DECIDED SEPTEMBER 23, 1968—
REHEARING DENIED OCTOBER 8, 1968—

*Guy B. Scott, Jr.,* for appellant.

*Clete D. Johnson, Solicitor General, Hudson & Stula, Jim Hudson,* for appellee.

BELL, Presiding Judge. ■  Under the facts of this case, no

rights of the defendant under the Fifth Amendment were abridged. The mere use of the defendant's voice as an identifying physical characteristic did not involve or amount to compelling defendant to give against himself evidence having a testimonial significance. U. S. v. Wade, 388 U. S. 218 (1) (87 SC 1926, 18 LE2d 1149).

■ The fact that no warning was given by the investigating officers prior to the speaking into the telephone by the four male occupants of the house (one of whom was defendant) did not constitute a violation of defendant's rights under the Sixth Amendment. At that time, the status of the case was merely investigatory not accusatory. The transcript shows that suspicion had not then focused on defendant. He was no more a suspect than any other of the four. There was only speculative information that one of the four might be the culprit. The request by officers that each of the four talk over the telephone was, under those circumstances, nothing more than a natural and proper step in the investigative process. No one was forced to talk. Each voluntarily did so. The result had the twofold effect of protecting the innocent as well as focusing attention on the accused. Each of these purposes is important in investigations into criminal occurrences where the suspect is not known. Under these circumstances the warnings required by Miranda v. Arizona, 384 U. S. 436, were unnecessary. Clearly the defendant's prosecution had not reached a "critical stage." See annotations in 5 ALR3d 1360; 10 ALR3d 1954; 18 LE2d 1420.

It is of interest to note that immediately upon suspicion focusing on the defendant following his identification by voice, he was given the Miranda warnings. No issue is made as to the clarity of the warnings or as to the efficacy of a later confession made by defendant after those warnings.

The factual situation in this case differs from such other identification cases as the Wade case, supra, and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), in that, inter alia, the lineups in the latter were held when each of the accused was in custody and under indictment and thus in a critical stage of his prosecution. "The rationale of those cases [Wade and Gilbert] was that an accused is entitled to counsel at any 'crit-

ical stage of the prosecution' and that a post-indictment lineup in such a 'critical stage'." Simmons v. U. S., 390 U. S. 377, 382 (88 SC 967, 19 LE2d 1247).

*Judgment affirmed. Hall and Quillian, JJ., concur.*