### 50103. PEOPLES v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted, tried and convicted for possession of drugs of abuse. He was sentenced to a term of one year in the penitentiary. His motion for new trial was overruled and appeal was taken to this court. *Held:*

1. The defendant contends that it was error to overrule his motion to suppress certain evidence which, by agreement of the parties, was considered as a part of the trial. It is contended that the defendant's original arrest was illegal and hence the fruits of such arrest should be suppressed. The officers originally apprehended the offender because he was in a drunken condition, "passed out" sitting on a bench of an eating establishment

with his head on the counter. A partially empty fifth of liquor was beside him. He was unsteady on his feet and had to be assisted by the police officers to a police booth. When he spoke his speech was slurred.

The public drunkenness statute is designed as a protection against the drunkard's conduct and not his mere presence. *Scarborough v. State,* 231 Ga. 7, 9 (200 SE2d 115). Accord, *Mathis v. Rowland,* 208 Ga. 571 (1) (67 SE2d 760). Merely being intoxicated is not sufficient, for the condition must be manifested by "boisterousness, or by indecent condition or act, or by vulgar, profane, loud, or unbecoming language." Code Ann. § 26-2607 (Ga. L. 1968, pp. 1249, 1315). See Code Ann. § 58-608 (Ga. L. 1962, pp. 656, 657). Drunkenness manifested by extreme stupor or a deep sleep is not a violation of state law. *Ramey v. State,* 40 Ga. App. 658 (151 SE2d 55); *Finch v. State,* 101 Ga. App. 73 (112 SE2d 824), and cases therein cited. The defendant's arrest in this case based on a violation of a state law can therefore not be sustained.

It is true that the Criminal Code of Georgia, § 26-2607 (Code Ann. § 26-2607), supra, permits local governmental bodies to enact and enforce "laws to punish drunkenness." Cases construing the predecessor of our present law, Ga. L. 1905, p. 14; 1912, p. 78 (§ 442 of the Penal Code of 1910), indicate such ordinances may prohibit conduct which is not a violation of a state law. *Howell v. State,* 13 Ga. App. 74, 76 (78 SE 859); *Morris v. State,* 18 Ga. App. 684 (90 SE 361).

In this case, the state did make note of a municipal ordinance which the defendant allegedly violated. However, the ordinance was not formally introduced into evidence and is not contained in the record before us. Under such circumstances and since we cannot take judicial notice of a municipal ordinance (*Mayor &c. of Savannah v. TWA,* 233 Ga. 885), we are constrained to hold that no violation was shown in this respect.

It was error for the trial judge to admit the evidence in the form of certain drugs and the admission of such evidence requires the grant of a new trial.

2. The remaining enumerations of error have been carefully examined and found to be without merit.

*Judgment reversed. Pannell, P. J., and Clark, J.,*

*concur.*

SUBMITTED JANUARY 10, 1975 — DECIDED APRIL 17, 1975 — REHEARING DENIED MAY 14, 1975 —

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.