## 52322. REEVES v. THE STATE.

Clark, Judge.

Defendant was indicted on three counts of forgery in the first degree, tried before a jury, and convicted of all counts. He appeals. *Held:*

1. Several enumerations concern the overruling of defendant's motion for directed verdicts of acquittal and the alleged insufficiency of the evidence to support the convictions for first degree forgery.

Defendant's employer testified that he did not sign or prepare any of the three checks which were payable on his account and which bore his purported signature. The state's handwriting expert compared the signatures on the checks with defendant's handwriting exemplar. She found no significant differences between the writings and concluded that the checks and the comparative sample were written by the same person. The county sheriff testified that the comparative handwriting exemplar was prepared in his presence by defendant. Another witness identified defendant as the person who presented for payment the check representing Count 2 of the indictment. The state introduced no evidence as to the delivery or uttering of the other two checks.

"A person commits forgery in the first degree when, with intent to defraud, he knowingly makes, alters or possesses any writing in a fictitious name or in such

manner that the writing as made or altered purports to have been made by another person, or at another time, or with different provisions, or by authority of one who did not give such authority *and utters or delivers such writing.*" Code § 26-1701. (Emphasis supplied.) It is clear from the language of our penal statute that "[u]ttering or delivering the writing is an essential element of forgery in the first degree..." *Ward v. State,* 123 Ga. App. 216, 217 (180 SE2d 280).

Since the state presented no evidence tending to show that defendant uttered or delivered the two checks represented by Count 1 and Count 3 of the indictment, defendant's convictions of first degree forgery under these counts are unsupported by sufficient evidence and cannot stand. Compare *Smith v. State,* 138 Ga. App. 226. The trial court erred in denying defendant's motion for directed verdicts of acquittal on these two counts. *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

The evidence with respect to Count 2 of the indictment is sufficient to support the jury's verdict and will not be disturbed by this court on review.

2. Defendant contends that he was arrested without a warrant in violation of Code § 27-207 and that the handwriting sample taken from him shortly after this arrest should have been suppressed as a fruit of the prior illegality. Assuming, without deciding, that defendant's arrest was illegal, we nevertheless conclude that defendant had no reasonable expectation of privacy with respect to his handwriting so as to invoke the Fourth Amendment's sanctions.

In United States v. Dionisio, 410 U. S. 1 (93 SC 764, 35 LE2d 67), the Supreme Court ruled that voice exemplars were not within the scope of the Fourth Amendment protections. "The physical characteristics of a person's voice, its tone and manner, as opposed to the content of a specific conversation, are constantly exposed to the public. Like a man's facial characteristics, or handwriting, his voice is repeatedly produced for others to hear. No person can have a reasonable expectation that others will not know the sound of his voice, any more than he can reasonably expect that his face will be a mystery to the world." United States v. Dionisio, supra,

p. 14. This reasoning was applied to handwriting samples by the Supreme Court in United States v. Mara, 410 U. S. 19 (93 SC 774, 35 LE2d 99). "Handwriting, like speech, is repeatedly shown to the public, and there is no more expectation of privacy in the physical characteristics of a person's script than there is in the tone of his voice." United States v. Mara, supra, p. 21. See also United States v. Rogers, 475 F2d 821 (Seventh Cir. 1973).

We thus conclude that the trial court's refusal to suppress the handwriting sample on Fourth Amendment grounds was not error.

3. Defendant argues that his pre-trial identification was tainted by impermissible suggestion. At trial, however, defendant did not object to the admission of this evidence. " 'Objections to evidence cannot be raised for the first time either in a motion for new trial or on appeal, and the admission of evidence will not be reviewed by this court where no objection was made below to its admission.' [Cits.]" *Mitchell v. State,* 136 Ga. App. 390, 392 (221 SE2d 465).

4. For the reasons expressed in Division 1, defendant's convictions on Counts 1 and 3 are reversed. The conviction based on Count 2 is affirmed.

*Judgment reversed in part and affirmed in part. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JUNE 7, 1976 — DECIDED JULY 2, 1976.

*Henrietta E. Turnquest,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.