## 55828. RUNNELS v. THE STATE.

DEEN, Presiding Judge.

Don Runnels appeals from his conviction of theft by taking. The evidence showed that on May 12, 1977, the victim cashed her paycheck shortly before entering a Big Star grocery store at approximately 4:30 p.m. and had $88 plus some change in a billfold in her shoulder bag. She testified that while shopping she was bumped twice by a male shopper and felt her pocketbook move. Shortly after the second incident, she noticed that her billfold was missing and asked one of the cashiers if she had seen a tall white man who had long dark curly hair and something wrong with his face and was wearing a dark shirt and faded jeans. When she was informed the man had checked out a few minutes earlier, Mrs. Irvin ran outside the store, found her husband who was waiting for her in the car, informed him of the theft, described the suspect, and asked him if he had seen such a person leave the store. Her husband saw a man matching his description leave the

store and recognized him because he had shot pool with him. The couple then proceeded to search for the thief and the husband spotted a Buick automobile in front of a nearby store and then noticed the defendant walking down the street. They did not approach him. Instead, they went to the pool hall to verify his name and report the incident to the police. Mrs. Irvin identified the defendant at the police station and in court as the man who jostled her in the grocery store; her husband identified him as the man he saw leaving the store. At trial defendant offered two alibi witnesses. His girlfriend testified that on the day of the theft he was at her home when she left for work at approximately twenty minutes before five, although she could not remember exactly when he arrived. Her mother testified that defendant was taking a bath when she arrived home from work at 5:30 p.m. Defendant testified that he had not been in Big Star that afternoon, that he did not know Mrs. Irvin, but Mr. Irvin knew him well enough to know him if he saw him. He denied taking Mrs. Irvin's billfold. On cross examination, he testified that he had a scar on his face from 149 stitches. *Held:*

Defendant contends that the trial court erred in denying his motion to dismiss at the close of the state's evidence because only circumstantial evidence was presented against him and the state has not excluded every reasonable hypothesis of guilt as it is required to do under Code Ann. § 38-109. He claims that the victim discounts the possibility of someone else in the store taking her purse, or that it fell out of her pocketbook by her own actions. Defendant does not argue his alibi evidence on appeal.

This hypothesis fails because of a lack of credible evidence. The victim testified that she had the money when she went into the store, defendant was the only person to bump into her in the store, he bumped her twice, and shortly after the second one she noticed her billfold was missing. She testified that the pocketbook was deep and the only way to get the billfold out was by reaching inside it. Defendant's assertion that the billfold was stolen by someone else is only a bare possibility not shown by the evidence and is derived by sheer speculation; the victim's testimony is clear that defendant was the only

person to bump her in the store and that the billfold did not fall out of her pocketbook. "Where a conviction is based upon circumstantial evidence, 'to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference beyond a reasonable doubt, of guilt.' *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). 'Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law.' *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643)." *Pless v. State,* 142 Ga. App. 594 (236 SE2d 842) (1977). As the evidence in this case was sufficient to support the verdict, it was not error for the trial court to deny defendant's motion for a directed verdict.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted May 1, 1978 — Decided May 23, 1978.

*Kenneth L. Gordon,* for appellant.
*Loeb C. Ketzky, Solicitor,* for appellee.