## 56378. WATSON v. THE STATE.

DEEN, Presiding Judge.

Lavarn C. Watson was convicted of rape and sentenced to a term of twenty years. Ten years are to be served in the penitentiary, followed by ten years on probation.

1. It was not error for the trial court to refuse to grant appellant's motion for a change of venue or a continuance. The basis for the motions appears to be newspaper and television publicity surrounding the arrest of defendant, a black police officer, for the rape of an eighteen-year-old white woman. Code Ann. § 27-1201 provides for a change of venue when an impartial jury cannot be obtained in the county where the crime was allegedly committed. In a hearing on the motions, a doctoral candidate in political science at Florida State University testified that she conducted an attitudinal survey in the county in early October of 1977, and it was her opinion that the number of recent unsolved rapes in the area would make it very difficult for an alleged rapist of either race to get a fair trial, but the degree of racial prejudice was not extreme. Defendant's exhibits indicate that there was no newspaper publicity for nearly two months prior to trial. The evidence does not show that appellant was unable to obtain a fair trial in Dougherty County. A motion for a change of venue addresses itself to the sound discretion of the trial judge and will not be disturbed on appeal unless it can be shown that there was an abuse of this discretion. *Anderson v. State,* 222 Ga. 561 (150 SE2d 638) (1966); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Allen v. State,* 235 Ga. 709 (221 SE2d 405) (1975). Moreover, appellant conducted an extensive voir dire of prospective jurors and there is no evidence that those selected to serve held fixed opinions as to his guilt or innocence. *Allen v. State,* supra.

Appellant's argument that the denial of his motion for individual voir dire of prospective jurors and sequestration of jurors during voir dire had a "chilling effect" on a full and thorough voir dire examination is without merit. "The right [to voir dire] does not encompass isolated examination. The single purpose for

voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." *Whitlock v. State,* 230 Ga. 700, 705 (198 SE2d 865) (1973).

Under the rules set forth in *Street v. State,* 237 Ga. 307, 311 (227 SE2d 750) (1976), appellant is required to show "(1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible." Appellant has shown neither.

As appellant has not supported his contention that it was error for the trial court to deny his motion for a continuance with argument or citation of authority, it is deemed abandoned. Court of Appeals Rule 18 (c) (2).

2. Appellant contends that the trial court erred in failing to compel the district attorney to comply with the notice to produce and the motion for discovery and claims that the failure to grant discovery denied him the effective assistance of counsel and a full and adequate cross examination. Prior to trial, the judge conducted an in camera inspection, found no exculpatory material and denied the motions. Under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), the state is prohibited from suppressing material evidence on the merits of the case or on punishment which is favorable to the accused. However, there is no constitutional requirement that the state must make available to defendant the results of all investigatory work on the case. Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706). Georgia has no statutes requiring the district attorney to throw open his files to defendant or to supply him with copies of police reports. See *Henderson v. State,* 227 Ga. 68 (179 SE2d 76) (1970). *Brown v. State,* 238 Ga. 98 (231 SE2d 65) (1976) does not hold that the state is required to furnish counsel with statements of witnesses or investigative reports. Instead, it held that Code Ann. § 38-801 (g) applied to criminal as well as civil cases, but the court declined to specify what the state must produce pursuant to a notice to produce. In

the present case, the district attorney stated for the record that there were no documents of the sort sought by the accused that he would be introducing into evidence that were in the possession of the police officers at that time. A motion to produce will not reach material which is not in the state's possession. *State v. Haynie,* 240 Ga. 866 (242 SE2d 713) (1978). We find no error. Moreover, we find no evidence that the district attorney's office sought to thwart defendant's investigation of the crime. Only one witness testified that she was unable to get permission from her superiors or the district attorney to talk to defendant's investigator. There is no evidence that his attorney sought permission from the district attorney to interview the witness and was refused.

3. Appellant also asserts the general grounds and contends that the trial court erred in denying his motion for a directed verdict and his motion to dismiss because the prosecutrix' testimony did not satisfy the statutory requirement of corroboration. The witness testified that she reported the rape to her boyfriend shortly after it occurred after he insisted in knowing what had happened, she told her sister the following morning and reported it to the police that afternoon. Her boyfriend verified her testimony that she reported the crime to him. She identified the patrol car as the number 76. Defendant admitted driving that particular vehicle and that he stopped the young couple and threatened to arrest them for public indecency when he found them making love in the nude near a public road. A police officer verified that the prosecutrix' sister called him to report the rape. "Whatever quantum of corroboration may be needed in a rape case . . ., it is plain that the corroboration need not itself be sufficient to convict the accused . . . Ultimately, the question of whether the testimony of the female has been corroborated is one solely for the determination of a jury . . . Therefore, if there be any corroborative evidence at all, this court will not pass upon its probative value, since the verdict of the jury under proper instructions has resolved that issue." *Morgan v. State,* 229 Ga. 532 (192 SE2d 338) (1972).

When a motion for new trial is based upon the general grounds and is addressed to the discretion of the

trial court and he denies the motion, this court will not disturb the verdict where there is some evidence to support it. *Carroll v. Johnson,* 105 Ga. App. 541 (125 SE2d 91) (1962); *Oliver v. State,* 239 Ga. 571 (238 SE2d 346) (1977). In the present case, there was sufficient evidence to support the verdict.

4. The trial court did not err in refusing to grant defendant's oral motion to suppress "girlie" pictures which the state introduced into evidence and identified as having been removed from the accused's brief case shortly after his arrest. Code Ann. § 27-313 (b) requires a motion to suppress to be in writing and state facts to show that search and seizure were unlawful. *Butler v. State,* 134 Ga. App. 131 (213 SE2d 490) (1975). Appellant did not make a timely motion to suppress. However, he also objected that the evidence was immaterial. Such materials are admissible in a rape case to show bent of mind. "The exhibits included magazines showing natural and unnatural sex acts and other apparent sexual devices and paraphernalia designed for stimulation and film, all of which were found by the police in defendant's trailer. These exhibits may have a tendency to show bent of mind toward sexual activity." *Felker v. State,* 144 Ga. App. 458, 459 (241 SE2d 576) (1978). "There was no error in admitting the photographs that belonged to the defendant, as the jury may have made the permissible inferences that viewing paraphernalia of pornographic photographs may have encouraged defendant's initial perpetration of the crimes of kidnapping and sodomy, or, at least aided in showing his intent thereof." *Megar v. State,* 144 Ga. App. 564, 568 (241 SE2d 447) (1978).

5. Appellant asserts error in the trial court's refusal to give three requests to charge. The court gave a lengthy charge to the jury and covered all of the requested principles of law. "Failure to charge in the exact language requested, where the charge substantially covered the same principle, . . ." is not error. *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905) (1966).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED OCTOBER 16, 1978 —
REHEARING DENIED NOVEMBER 2, 1978 —

*Ransom & Axam, Tony L. Axam,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.