58362. BROCKINGTON et al. v. THE STATE.

DEEN, Chief Judge.

Brockington and Proctor were indicted, tried by a jury and convicted of possession of tools for the commission of a crime and criminal trespass.

1. Appellants contend that the trial court erred in overruling their motion to strike the testimony of two police officers relating to the comparison of footprints found on the ground leading from their truck to the scene of the attempted break-in with shoes worn by them because the testimony was rendered inadmissible as the result of an illegal arrest.

The arresting officer testified that the men were arrested under a municipal ordinance for the offense of public drunkenness. They were later charged with offenses for which they were convicted. Appellants argue the state's failure to prove the ordinance at trial resulted in an invalid arrest under the holding in *Shuman v. State,* 146 Ga. App. 124 (245 SE2d 481) (1978) and that any evidence obtained as a result of the arrest was not admissible.

Appellants correctly argue that an arrest made under a municipal ordinance which was not proved at trial renders evidence seized pursuant to such an arrest inadmissable. *Peoples v. State,* 134 Ga. App. 820 (216 SE2d 604) (1975). In the present case, however, appellants' only challenge is to the testimony of the officer's visual observations of tracks on the ground and the type of sole on appellants' shoes. There was no evidence of the officer coercing the men into allowing a comparison of their shoes to the tracks by making appellants place their shoes into the tracks as forbidden under the holding in *Elder v. State,* 143 Ga. 363 (85 SE 97) (1915). The testimony of the police officers as to observations they made near the scene of the crime does

not fall within the "fruit of the poisonous tree" exclusion as set forth in Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963). This enumeration is without merit.

2. Appellants also contend that the evidence was insufficient to support their convictions and that the trial court erred in denying their motions for a directed verdict of acquittal. They argue that the only evidence connecting them with the crimes was the footprints and the purely circumstantial nature of that evidence is insufficient to rule out every rational hypothesis save their guilt.

Footprints alone are not usually sufficient to authorize a conviction unless there is some peculiarity in the tracks to clearly identify them as belonging to the accused. *Lindsey v. State,* 9 Ga. App. 299 (70 SE 1125) (1911). In this case, there was a great deal of circumstantial evidence to connect the appellants to the crime. A police officer observed a red, stake-bodied truck containing the three defendants slowly driving past the hardware store shortly before the attempted break-in. After the attempt, tools covered with lime dust and matching the type of tools found in the truck and the occupations of the defendants were found at the scene. The truck containing two defendants was found parked directly behind the hardware store with two of the defendants in it. Three distinct and different sets of tracks were found leading from the truck to the store and two distinct and separate sets of tracks were found leading from the store to the truck where two of the defendants were found. A third set of distinct and different tracks were discovered leading in the direction in which the third defendant was found. The police officers testified that the soles of the shoes of each defendant matched the three sets of tracks found near the scene of the crime. The third defendant was found with grass all over his clothing. The manager of the hardware store testified that he heard noises at the back of the store as if someone was trying to break in, and after he yelled: "Get away from that door" he heard the sound of people running. He called the police and then went to the back door, opened it, and observed the red truck parked behind the store. A police officer testified that a pack of Camel unfiltered cigarettes was

found near the back door of the store and a pack of the same brand was found in the truck. The defendants admitted that they had seen no one else in the area. While each of these pieces of circumstantial evidence might not be sufficient to connect appellants to the crimes, the evidence taken as a whole is ample to support the jury verdict. To sustain a conviction based upon circumstantial evidence, every inference except the guilt of the accused need not be excluded, but only reasonable inferences so as to justify the inference of guilt beyond a reasonable doubt. What is reasonable is generally a jury question where the jury is authorized to find that the evidence, even though it is circumstantial, was sufficient to exclude every reasonable hypothesis except the guilt of the defendant. An appellate court will not disturb that finding unless the guilty verdict is unsupportable as a matter of law. *Runnels v. State,* 146 Ga. App. 75 (245 SE2d 475) (1978). As this enumeration is without merit, the trial court did not err in denying the motion for a directed verdict of acquittal.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED OCTOBER 12, 1979 — REHEARING DENIED OCTOBER 25, 1979 — 

*Robert H. Baer, William A. Zorn,* for appellants.
*Glenn Thomas, Jr., District Attorney, John B. Johnson, III, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.
In this case, the shoes were not seized for a physical comparison, but only the officer's visual observations were admitted. There was no written motion to suppress filed prior to trial which is mandatory to suppress physical evidence. *Peppers v. State,* 144 Ga. App. 662 (242 SE2d 330) (1978); *Watson v. State,* 147 Ga. App. 847, 860 (250 SE2d 540) (1978). Even if the initial arrest is invalid, it is not error to fail to suppress those things to which a person has no reasonable expectation of privacy (i.e. handwriting, voice, facial characteristics). We believe

that observations as to the type of shoes a person was wearing would fall into this category. *Reeves v. State,* 139 Ga. App. 214 (228 SE2d 201) (1976). Moreover, as nothing has been seized pursuant to an illegal arrest, we failed to see how visual observations of a person's clothing, etc. could not be admitted at a trial for another offense. In *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169) (1964), the arrest was illegal and the defendants were required to surrender their clothing at the jail and thus were either directly or indirectly required to furnish evidence. In our case, the officer testified *only* as to what he observed.

*Motion for rehearing denied.*