## 58382. THE STATE v. ARMSTEAD.

SHULMAN, Judge.

This is an interlocutory appeal from the trial court's denial of the state's motion to compel defendant to produce handwriting exemplars. We affirm.

1. In considering whether the state may compel an individual to produce handwriting exemplars, the following constitutional and statutory law is relevant. Art. I, Sec. I, Par. XIII of the Constitution of 1976 (Code Ann. § 2-113) states: "No person shall be compelled to give testimony tending in any manner to criminate himself." Code Ann. § 38-416 provides: "No person, who shall be charged in any criminal proceeding with the commission of any indictable offense or any offense punishable on summary conviction, shall be compellable to give evidence for or against himself."

In *Creamer v. State,* 229 Ga. 511 (2) (192 SE2d 350), our Supreme Court, in considering these provisions, held that although evidence may be compulsorily adduced from an accused, it is constitutionally impermissible to compel an accused to perform an act which results in the production of incriminating evidence. Id., p. 517. The distinction is between forcing an accused to *do* an act against his will and requiring an accused to *submit* to an act. While the latter "takes evidence from the defendant" (id.), and is constitutionally acceptable, the former compels the defendant, in essence, to *give* evidence which violates an individual's right not to incriminate himself.

Thus, even though one's handwriting may be identifying physical indicia, forcing a defendant to produce such handwriting is not sanctioned by our

Constitution. To compel a handwriting exemplar is to compel the defendant to do an act, not to submit to an act.

2. The fact that the United States Supreme Court has held that handwriting exemplars can be compelled (which compulsion does not violate the Fifth Amendment privilege against self-incrimination) (see Gilbert v. California, 388 U.S. 263 (87 SC 1951, 18 LE2d 1178)), does not require a different result in the present case.

"Georgia has long granted more protection to its citizens than has the United States and . . . while the States cannot grant less protection they can grant more." *Creamer,* supra, p. 515.

"While the language in the United States Constitution has long been construed to be limited to 'testimony,' the Georgia Constitution has been construed to limit the State from forcing the individual to present *evidence,* oral or real." Id., p. 516. It is clear that the "evidence" contemplated in the Code is not limited to that which is deemed testimonial. An accused cannot be compelled to produce evidence, oral or real, regardless of whether or not it is "testimonial." To force the defendant, then, to produce samples of his handwriting — potentially incriminating evidence which may be used as evidence in the defendant's prosecution — would violate constitutional sanctions against self-incrimination.

3. Neither *Bradford v. State,* 118 Ga. App. 457 (1) (164 SE2d 264), nor *Reeves v. State,* 139 Ga. App. 214 (2) (228 SE2d 201), necessitates a contrary result.

In *Bradford,* this court held that a person could be compelled by the state to give a voice exemplar, that the mere use of the defendant's voice as an identifying physical characteristic did not involve or abridge rights of the defendant under the Fifth Amendment. Id., p. 459. Since *Bradford* does not involve a claim that rights afforded under Georgia law and the Georgia Constitution were abridged, *Bradford* is not dispositive of the issue before us.

The issue presented in *Reeves* was the scope of Fourth Amendment protection in regard to one's handwriting. In holding that the defendant had no reasonable expectation of privacy in his handwriting so as to invoke Fourth Amendment protection, the court did not address the

issue presented here, i.e., the issue of compulsory *production* of one's handwriting. Cf. *Hyde v. State,* 196 Ga. 475 (4) (26 SE2d 744) recognizing the distinction between the right to be free from unreasonable searches and seizures and the right not to incriminate oneself. *Reeves,* therefore, is not controlling authority for the state's position.

Since we have determined that to compel handwriting exemplars of the defendant would compel him to produce criminating evidence in violation of rights afforded under Georgia law, the judgment of the trial court must be affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED OCTOBER 25, 1979.

*M. Randall Peek, District Attorney, C. David Wood, Assistant District Attorney,* for appellant.

*Margaret H. Thompson, Robert E. Wilson,* for appellee.