## 59378. THE STATE v. SANDERS.

DEEN, Chief Judge.

1. "[E]xcept in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment." Delaware v. Prouse, 440 U. S. 648 (99 SC 1391, 59 LE2d 660, 673).

2. However, a police officer may always arrest a suspect for a crime being committed in his presence. Code § 27-207.

3. Where the arrest is in fact made *because of* the criminal activity observed, and the defendant charged with and only with such activity, the fact that the arresting officer or another also suspects the defendant of other criminal activity as to which no overt evidence exists will not in and of itself render the arrest invalid. In the present case a detective in an unmarked car observed the defendant and radioed for a police car, stating he thought the driver was a burglary suspect. Within a few moments he again radioed that the suspect was weaving and otherwise driving in an erratic fashion and might be under the influence of alcohol. The arresting officer arrived, placed his vehicle behind that of the suspect, followed him for three fourths of a mile, during which he observed him exceeding the speed limit, twice weaving into a parallel lane and back again and once weaving into an emergency lane and back again. He then stopped the vehicle, gave the driver a breath test, and arrested him for drunken driving. The arrest was not illegal and it was error to hold it so on the basis that the original informant wanted the defendant halted for another purpose as to which no legal cause existed.

4. It was error to grant a motion to suppress evidence under these circumstances for the additional reason that such motions lie only where tangible physical evidence has been seized. Code § 27-313; *Brockington v. State,* 152 Ga. App. 11 (262 SE2d 170) (1979). The charge here was a DUI, and no physical evidence was seized.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED FEBRUARY 6, 1980 — DECIDED APRIL 10, 1980.

*Herbert A. Rivers, Solicitor, Stephen C. Steele, Assistant Solicitor,* for appellant.
*Al Johnson,* for appellee.