## 62361. CHUMLEY v. THE STATE.

CARLEY, Judge.

The instant interlocutory appeal was granted in order that we might answer the following question: Is a motion to suppress a proper procedural device by which to secure a ruling on the admissibility of the results of an intoximeter test alleged to have been administered in violation of Code Ann. § 68A-902.1? The trial court, relying upon *State v. Sanders,* 154 Ga. App. 305, 306 (4) (267 SE2d 906) (1980),

held, in effect, that the issue of whether the test results were or were not admissible under Code Ann. § 68A-902.1 could be determined only at trial when such results were offered into evidence rather than by a pre-trial motion to suppress. The trial court refused to consider appellant's motion insofar as it raised issues of the test results' admissibility under Code Ann. § 68A-902.1. In this regard the trial court erred. "It is our conclusion that at the present stage of development of the law in this state, the results of an intoximeter test, if improperly obtained, are subject to a motion to suppress *or* alternatively subject to an objection at the time the evidence is offered . . . In reaching this decision, we have not ignored the case of *State v. Sanders,* 154 Ga. App. 305, 306 (4), [supra]. We find that case to be different on its facts. There it is apparent that the motion to suppress was directed at the officer's testimony because the officer allegedly had made an unlawful arrest and as a result of that arrest was prepared to testify as to his physical observations of the defendant's driving conduct and a breath test conducted at the scene. There is no indication that the proper warnings and advice were not given. There being no physical evidence seized there was nothing to suppress. Here we are confronted with the results of a test which was allegedly conducted in violation of statutorily and judicially mandated rights. [Cit.]" *State v. Johnston,* 160 Ga. App. 71, 73 (1981). Accordingly, the order in the instant case is reversed and the case remanded with direction that a new hearing be held and a new order on appellant's motion to suppress be entered.

*Judgment reversed and case remanded with direction. Quillian, C. J., McMurray, P. J., Shulman, P. J., Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., and Banke, J., dissent.*

DECIDED DECEMBER 4, 1981.

*Larry W. Yarbrough,* for appellant.
*Herbert A. Rivers, Solicitor, J. Lynn Rainey, Assistant Solicitor,* for appellee.

DEEN, Presiding Judge, dissenting.

This case resembles both *State v. Sanders* and *State v. Johnston,* in that in each the defendant was charged with DUI, was given an intoximeter or breath test, and made a motion prior to trial to suppress the results of the test. *Sanders* held such a motion is inappropriate because a motion to suppress evidence must come under Code § 27-313 and thus refer to tangible physical property. *Johnston* reached exactly the opposite conclusion and allowed the motion. I therefore agree with Judge Banke that *Sanders* cannot be

distinguished and that it should be followed and *Johnston* overruled.

Briefly, my reasons are as follows:

"It is not every kind of personal property that may be seized under a search warrant, and, although certain species of articles are seizable under a search warrant at common law, the types and character of the property for which search warrants may issue are generally regulated by statute. Such statutes must be strictly construed and must not be extended to property not clearly covered . . . ." 79 CJS, Searches and Seizures, § 64, p. 827.

The only statutory method of suppressing evidence prior to trial is Code § 27-313 which provides that the motion lies where one is *aggrieved by an illegal search and seizure,* in which event he may move for *return of the property, possession* of which is otherwise lawful, and may suppress as evidence *anything so obtained.*

As I construe the code, "anything so obtained" in that context refers to tangible personal property, which is subject to physical seizure. A breath test is not. My reason for laboring the point is that a contrary construction enlarges the scope of search warrants and evidence obtained by means of procedures such as this to a man's breath, blood, or like portions of his anatomy. This is clearly beyond the scope of the statute and criminal law should not so depart from statutory restrictions.

In my opinion, *Chumley* should not have been the subject of an interlocutory appeal but should have been tried in the regular course and been appealed after final judgment. For these reasons I respectfully dissent.

BANKE, Judge, dissenting.

I cannot agree that we are not ignoring the case of *State v. Sanders,* 154 Ga. App. 305 (267 SE2d 906) (1980), in this case and in the case of *State v. Johnston,* 160 Ga. App. 71 (1981). As stated in *Sanders,* "[S]uch motions lie only where tangible physical evidence has been seized. Code § 27-313; *Brockington v. State,* 152 Ga. App. 11 (262 SE2d 170) (1979)." The only motion to suppress we have is as provided by statute and codified in Code § 27-313. Said code provides: "(a) A defendant aggrieved by an unlawful *search* and *seizure* may move the court for the *return* of property the possession of which is not otherwise unlawful . . ." (Emphasis supplied.)

In the subject case, as was also true in *Johnston,* supra, there was no search and seizure and there was no entreaty to return a tangible item belonging to either defendant. Further, it appears rather clear that the right of the people as stated in the Fourth Amendment to be secure in their persons, houses, papers, and effects against unreasonable search and seizures has no application to the results of

an intoximeter test for the reasons stated.

Other motions and procedures are available to secure a ruling on the admissibility of evidence likely to be introduced in the trial of a pending case. We should not judicially erode or extend the clear purpose for which Code § 27-313 was provided by the Legislature.

Accordingly, I would affirm the subject case and overrule *State v. Johnston,* supra.