65451. JONES v. THE STATE.

BANKE, Judge.

Appellant was convicted of seven counts of forgery in the first degree. It was undisputed that on various dates in November 1981 appellant uttered seven checks, in various amounts, at five different business establishments in Forsyth County, Georgia. Each check purported to be drawn upon the account of W. L. Millwood and purported to bear the signature of W. L. Millwood. Three of the checks were made payable to "cash" and the remaining four to various payees, none of whom was the appellant. The checks were returned by the bank, marked "account closed." One witness recounted seeing appellant fill in the amount of the check, but otherwise no one from each of the business establishments involved actually saw him write anything on the face of the checks. Two witnesses, however, testified that they required appellant to endorse the checks passed to them, although neither noticed until the checks were returned that the endorsement was not signed in the appellant's name. Appellant denied having endorsed any of the checks.

Appellant introduced evidence that W. L. Millwood had disappeared around Thanksgiving 1981, owing a substantial amount of money for building materials. He testified that he had been employed by W. L. Millwood in November 1981 and that Millwood had required him as an employee to cash the checks in question. Appellant suggested that Millwood had done so to gather money to leave the area.

Thomas Millwood, brother of W. L. Millwood, testified that the signatures on the checks in question did not appear to be that of his brother. He also contradicted appellant's testimony about his employment and the date of Millwood's disappearance.

The jury returned a verdict of guilty on all seven counts, and appellant's motion for new trial was denied. Appellant contends on appeal that there was insufficient foundation for Thomas Millwood's testimony regarding the authenticity of the signatures on the checks and that the trial court erred in denying his motion for a directed verdict of acquittal. *Held:*

1. OCGA § 24-7-6 (Code Ann. § 38-708) provides as follows: "Proof of handwriting may be resorted to in the absence of direct evidence of execution. In such case, any witness who shall swear that

he knows or would recognize the handwriting shall be competent to testify as to his belief. The source of his knowledge shall be a question for investigation and shall go entirely to the credit and weight of his evidence."

Thomas Millwood stated on direct examination that he had seen his brother's signature on enough occasions so that he thought he could recognize it. During cross-examination he was more emphatic, declaring that he was sure he could identify his brother's signature. The thrust of appellant's argument is that this testimony was too tentative to support a determination of the handwriting's authenticity. However, we have previously ruled, in accordance with the code section, that "anyone who is familiar with the handwriting of another ... may testify as to his opinion of its authenticity to the best of his knowledge and belief." *Wooten v. Life Ins. Co. of Ga.,* 93 Ga. App. 665 (92 SE2d 567) (1956) (witness reasonably sure he had seen insured's signature). See also *Notis v. State,* 84 Ga. App. 199 (65 SE2d 622) (1951) (witness had seen signature one time). In this case, Thomas Millwood sufficiently established his familiarity with his brother's signature, and the trial court properly allowed his testimony that the signatures on the checks were not authentic.

2. In contending that the trial court should have directed a verdict of acquittal, appellant primarily argues that the state failed to prove both that the checks were in fact forgeries and that appellant knew of the forgery. Appellant emphasizes that the evidence on this latter element of the offense of forgery in the first degree was circumstantial and contends that it did not exclude every other reasonable hypothesis save that of his guilt. We find no merit in this contention.

"To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond reasonable doubt, of guilt. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132) [1976]. Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding, unless the verdict is unsupportable as a matter of law." *Butler v. State,* 150 Ga. App. 751, 753 (258 SE2d 691) (1979); *Harris v. State,* 236 Ga. 242 (223 SE2d 643) (1976). In this case, there clearly was sufficient evidence to enable a rational juror to conclude beyond a reasonable doubt that appellant committed the offenses of forgery as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 28, 1983.

*Walker H. Bramblett,* for appellant.
*Rafe Banks III, District Attorney, Wallace W. Rogers, Assistant District Attorney,* for appellee.