### 67589. HARPER v. THE STATE.

CARLEY, Judge.

Appellant was convicted of burglary. He appeals enumerating as error the general grounds.

At trial, the evidence showed that a grocery store was burglarized during pre-dawn hours, and a box of watches was taken. A short time thereafter, appellant was apprehended nearby. The most significant evidence against appellant consisted of his footprints and his thumbprint, both of which were discovered at the scene of the crime. Appellant contends that the evidence was insufficient to support his conviction.

" 'To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time the crime was committed. [Cits.] These cases require the state to prove to the exclusion of every other reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed.' [Cit.]" *Bryant v. State*, 164 Ga. App. 555, 558 (296 SE2d 792) (1982). See also *Jeffares v. State*, 162 Ga. App. 36 (290 SE2d

123) (1982).

In the instant case, appellant's thumbprint was found on a fluorescent light tube located outside the door of the store, next to the window through which the burglar gained entry. There was evidence that, prior to the burglary, the light had been operating properly, illuminating the area of the doorway and the window. After the burglary, it was discovered that someone had extinguished the light by twisting the fluorescent tube in its fixture. Appellant offered no hypothesis whatsoever to explain the presence of his thumbprint on the tube. Nor was there any evidence that appellant had ever been to the store on any occasion other than that of the burglary. The circumstantial evidence was sufficient for a jury to determine beyond a reasonable doubt that appellant's thumbprint was left on the tube during the course of the burglary. See *Jackson v. State*, 158 Ga. App. 530 (281 SE2d 252) (1981).

Moreover, appellant's conviction was not based *solely* on fingerprint evidence. Appellant's footprints were found inside the store and outside the window through which the burglar entered. "Footprints alone are not usually sufficient to authorize a conviction unless there is some peculiarity in the tracks to clearly identify them as belonging to the accused. [Cit.]" *Brockington v. State*, 152 Ga. App. 11, 12 (262 SE2d 170) (1979). In the instant case, there was both lay and expert testimony that the prints were made by the shoes worn by appellant at the time of his arrest. The expert testimony was based upon scientific testing which revealed an "overall uniqueness in wear pattern" and "several individual points of identification." Such evidence was more than sufficient to meet the standard of *Brockington*. Furthermore, as noted previously, the footprints were not the only evidence connecting appellant with the crime.

" 'To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond reasonable doubt, of guilt. [Cit.] Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding, unless the verdict is unsupportable as a matter of law.' [Cits.] In this case, there clearly was sufficient evidence to enable a rational juror to conclude beyond a reasonable doubt that appellant committed the [offense of burglary] as charged. [Cits.]" *Jones v. State*, 165 Ga. App. 260, 261 (299 SE2d 920) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Decided April 13, 1984 —
Rehearing denied May 22, 1984.

*Columbus Gilmore*, for appellant.
*Sam B. Sibley, Jr., District Attorney, George N. Guest, Assistant District Attorney*, for appellee.