72700. ROBINSON v. THE STATE.
(348 SE2d 761)

BEASLEY, Judge.

Defendant appeals his armed robbery conviction. OCGA § 16-8-

41.

1. The victim testified the defendant approached her pointing a shotgun, threatened to kill her, took her purse and a baby bag and left. The evidence is sufficient for a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. *Maxey v. State*, 159 Ga. App. 503, 507 (4) (284 SE2d 23) (1981); *Wright v. State*, 166 Ga. App. 295, 298 (2) (304 SE2d 105) (1983).

2. Error is assigned on the failure to excuse a juror for cause.[1] The juror, a student, indicated he was going to have two exams later that week, one on Wednesday and one on Friday. The trial commenced on Monday and concluded on Tuesday. There was no showing that his impartiality would be, or was, in any way affected by such circumstances.

There being no basis for disqualification under OCGA §§ 15-12-163 or -164, the trial court did not abuse its discretion by failing to remove the juror. *Westbrook v. State*, 242 Ga. 151, 154 (3) (249 SE2d 524) (1978). See *Duncan v. State*, 141 Ga. 4 (2) (80 SE 317) (1913).

3. Defendant contends that his pretrial identification by means of a photographic spread was prejudicial error as being impermissibly suggestive in that of six photographs his was clearly lighter in tint, the photograph being over-exposed. He relies upon legal principles enunciated in *Stovall v. Denno*, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) (1967), and *Simmons v. United States*, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968).[2]

*Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), emphasizes that a two-stage test is involved. Even if the photographic line-up is impermissibly suggestive (the threshold question), the court must consider the "totality of the circumstances." *Ralston v. State*, 251 Ga. 682, 683 (1) (309 SE2d 135) (1983). Our inquiry is thus directed first to whether any suggestiveness in the process gave rise to a substantial likelihood of irreparable mistaken identification. *Manson v. Brathwaite*, 432 U. S. 98 (97 SC 2243, 53 LE2d 140) (1977).

The five factors utilized in evaluating whether there were sufficient aspects of reliability in the victim's identification were satisfied. *Neil v. Biggers*, supra at 199. She viewed the defendant at close range for a considerable period of time and in a situation where her attention was directed towards him, both before and during the robbery. She gave an accurate description of defendant immediately thereafter to the police. She positively identified the defendant at trial and observed during the photograph display that his picture did not accu-

---

[1] To raise this issue, defendant is no longer required to show an exhaustion of peremptory strikes. *Harris v. State*, 255 Ga. 464 (2) (339 SE2d 712) (1986).

[2] Defendant asserts his "due process rights" were violated and argues only federal cases. Hence, no state constitutional question is presented.

rately portray the degree of his coloration. The time between the crime and the photographic display was six days.

Under these circumstances, there was no substantial likelihood of irreparable mistaken identification. *Jones v. State,* 251 Ga. 361, 362 (1) (306 SE2d 265) (1983). Thus the second stage of the test need not be considered.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1986.

*L. James Weil, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Alfred D. Dixon, Assistant District Attorneys,* for appellee.