### 46355. BENHAM v. THE STATE.
#### (379 SE2d 506)

**Weltner**, Justice.

St. Clair Benham was convicted by a jury of felony murder, armed robbery, and burglary. He was sentenced to two concurrent terms of life imprisonment and a term of years.[1]

1. Although the evidence in this case is circumstantial,[2] a rational trier of fact could have found Benham guilty beyond a reasonable doubt of the charges against him. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The testimony of a police officer disclosed that during a pre-arrest interview Benham did not respond to some of the questions asked of him. Benham moved for a mistrial, contending that this testimony amounted to an unfavorable comment by the district attorney on his silence. The motion was denied. The interview took place before Benham's arrest. It does not reflect an attempt by the district attorney to call attention to or comment unfavorably upon Benham's silence.

> Every comment directed toward a defendant's silence will not be cause for an automatic reversal. . . . To reverse a conviction the evidence of the defendant's election to remain silent must point directly at the substance of defendant's defense or otherwise substantially prejudice the defendant in

---

[1] The crimes were committed on August 9, 1985, and Benham was indicted on December 13, 1985. Benham was found guilty by a jury and was sentenced on September 26, 1986. His motion for new trial was filed on October 20, 1986, and was amended on September 2, 1988. The amended motion for new trial was denied on September 13, 1988. Benham's notice of appeal was filed on October 11, 1988. This appeal was docketed in this court on November 2, 1988, and was argued before this court on January 12, 1989.

[2] The victim was stabbed to death in her ransacked home. Her money had been taken. Following the murder, the sole of Benham's athletic shoe was found to be embedded with blood consistent with the victim's blood. This shoe sole matched an imprint on an article of the victim's clothing found at the murder scene. Benham, who was chronically without funds, had money the day following the murder. He purchased six new pairs of athletic shoes. He confided to a witness, after the killing, that he suddenly had "come into" some money.

the eyes of the jury.

*Smith v. State*, 244 Ga. 814, 815, 816 (262 SE2d 116) (1979).

3. Benham contends that it was error to allow a police officer to testify he had received information from a "concerned citizen," and that he relayed the information to a second police officer. The substance of the information was not disclosed to the jury. Benham contends that because he was arrested by the second police officer after the receipt of the information, the jury could have concluded that his arrest was based upon such information. The second officer testified that prior to arresting Benham he had spoken with numerous witnesses, made a detailed examination of the crime scene, and interviewed Benham. *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), relied upon by Benham, is inapplicable. There was no error.

4. Benham contends that the trial court erred in refusing to excuse two prospective jurors who were challenged for cause. From the record, it is obvious that neither was anxious to serve. One was the victim of a recent crime, and the other was an accountant who was laboring under pressing responsibilities. After hearing their concerns, the trial court ruled that each was qualified to serve. There was no error. *Robinson v. State*, 180 Ga. App. 248, 249 (348 SE2d 761) (1986).

5. The jury verdict found Benham guilty of felony murder, and recited that the underlying felonies were armed robbery and burglary. Hence, the discrete convictions for armed robbery and burglary must be set aside, as merged with the felony murder conviction. *Sanborn v. State*, 251 Ga. 169, 170 (304 SE2d 377) (1983).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 25, 1989.

*John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.