A90A0460. DAVIS v. THE STATE.
(396 SE2d 301)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of kidnapping, ag-

gravated sodomy, reckless conduct by an HIV infected person, attempted aggravated sodomy and attempted reckless conduct by an HIV infected person. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates the general grounds as to attempted aggravated sodomy and attempted reckless conduct by an HIV infected person. "[A]ppellant's statements to the victim [as well as his failure to disclose that he was an HIV infected person] and his actions in the [vehicle into which he had forced the victim] indicate that appellant was attempting [aggravated sodomy and reckless conduct by an HIV infected person]. Thus, we find the evidence sufficient to meet the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) and to support appellant's conviction of these two offenses." *Helton v. State*, 166 Ga. App. 662, 663 (1) (305 SE2d 592) (1983). See also *Garmon v. State*, 192 Ga. App. 250 (384 SE2d 278) (1989).

2. The trial court's admission into evidence of certain sexual devices seized from appellant's vehicle pursuant to his consent at the time of his arrest is also enumerated as error.

"These exhibits[, normally associated with homosexual activity,] were properly admitted as they may have a tendency to show defendant's bent of mind toward the [homo]sexual activity with which he was charged. [Cits.]" *Wilcoxen v. State*, 162 Ga. App. 800, 801 (1) (292 SE2d 905) (1982). "Where sexual crimes are tried, exhibits having a tendency to show bent of mind towards sexual activity are generally admissible. [Cits.] . . . Under the broad discretion of the trial court, the admission of the evidence clearly was not error. [Cit.]" *Worth v. State*, 183 Ga. App. 68, 69-70 (1) (358 SE2d 251) (1987). See also *Watson v. State*, 147 Ga. App. 847, 850 (4) (250 SE2d 540) (1978).

Moreover, even if the exhibits did not reflect upon the guilt or innocence of appellant, they were found in his vehicle and were thus in his control at or near the time of arrest. Accordingly, the exhibits were admissible as circumstances connected with appellant's arrest. See *Hale v. State*, 159 Ga. App. 563 (1) (284 SE2d 68) (1981); *Reese v. State*, 145 Ga. App. 453, 457 (4) (243 SE2d 650) (1978).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 13, 1990.

*William H. Newton III*, for appellant.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assis-*

*tant District Attorney*, for appellee.

