## A92A0371. BLIGE v. THE STATE.
### (421 SE2d 547)

COOPER, Judge.

Appellant was convicted by a jury of armed robbery, aggravated battery and burglary. He appeals from the judgment of conviction entered on the verdict and the denial of his motion for new trial.

The evidence adduced at trial shows that the victim awoke one night and went to the kitchen. She opened the kitchen door which led to the porch and a man grabbed her, threw her onto a sofa and told her to take off her wedding ring. The victim was unable to get the ring off, and the man ordered her to use soap to remove the ring. The victim attempted to get the ring off using soap and water but was unsuccessful. The man then took a butcher knife and cut off the victim's ring finger. The victim was able to escape when the man knelt on the sofa to unplug a portable vacuum cleaner. At trial, the victim identified appellant as the man who entered her house and cut off her finger. A fingerprint matching appellant's was found on a small tin box in the vicinity of the victim's sofa. Appellant testified and denied committing the crimes.

1. In his first enumeration of error, appellant contends that the trial court erred in giving an *Allen* charge to the jury. After deliberating for approximately 2-1/2 hours, the jury informed the court that they were hopelessly deadlocked. The trial judge then charged the jury, in relevant part, as follows: "You have been deliberating upon this case for a considerable period of time and the Court deems it

proper to advise you further in regard to the desirability of agreement if it's possible. The case has been exhaustively and carefully tried by both sides, and with considerable expense to the parties and to the State. It has been submitted to you for decision and verdict, if possible, rather than for a disagreement." The remainder of the court's charge was substantially the same as the charge approved in *Spaulding v. State*, 232 Ga. 411 (207 SE2d 43) (1974). Appellant objects to the language in the court's charge relating to the expense of the parties and to the State. Upon a full reading of the charge given to the jury, we conclude that the charge neither suggested a particular verdict nor had a coercive effect on the jurors. See *Brantley v. State*, 190 Ga. App. 642 (3) (379 SE2d 627) (1989). The trial court's remark was only made as an explanation for its desire to have the jury deliberate further, and we find no error with the giving of the charge. See *Driver v. State*, 155 Ga. App. 726 (3) (272 SE2d 580) (1980).

2. Appellant contends in his second enumeration of error that the trial court erred in admitting similar transaction evidence. Prior to trial, the State gave notice pursuant to Uniform Rule 31.3 (B) of its intent to introduce two incidents which occurred within nine days of the offenses for which appellant was being tried. The first incident involved a burglary which occurred when appellant entered the residence of a 65-year-old victim through a screened porch, took a ring from the victim and hit her over the head with a clock. Appellant's fingerprint was found inside the victim's residence. The second incident involved a burglary of a residence from which a ring, jewelry and other items were taken. Appellant's fingerprint was found inside the residence, and appellant confessed to committing the crime. The trial court entered a pre-trial order allowing the State to introduce the similar transaction evidence, specifically finding that the prior transactions were sufficiently similar such that " 'proof of the former tends to prove the latter.' " *Chastain v. State*, 260 Ga. 789, (3) (400 SE2d 329) (1991). At trial, the victim in the first similar transaction testified and identified appellant as the perpetrator of the crime, and a fingerprint expert testified that appellant's fingerprint was found on the clock used to hit the victim. As to the second similar transaction, the State introduced appellant's confession. The trial court gave the appropriate limiting instruction to the jury on the purpose for which the similar transaction evidence could be considered. Appellant's argument that the evidence was not sufficiently similar to be admissible is without merit. The evidence demonstrates that the two similar transactions and the offense charged all occurred within a relatively short period of time. Moreover, appellant made similar entry through a porch or outside enclosed area and forcibly took rings from the victims in two instances. " ' "[T]here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to

make it admissible." (Cit.)' [Cit.]" *Hall v. State*, 198 Ga. App. 434 (1) (401 SE2d 623) (1991). Furthermore, sufficient evidence was adduced at trial, including the victim's identification, to establish that appellant was the perpetrator of the similar offenses.

3. As part of its presentation of the first similar transaction, the State introduced a photographic spread from which the victim selected appellant's picture as looking similar to the man who attacked her. Appellant objected on the ground that the photograph of appellant had a different background than that of the other photographs. We have examined the photographic spread and find that several of the photographs had different backgrounds. The photographic display was not impermissibly suggestive and the trial court did not err in overruling appellant's objection. See *Cheeves v. State*, 157 Ga. App. 566 (1) (278 SE2d 148) (1981).

4. Appellant next contends that the trial court erred in denying his motion to suppress the in-court identification of the victim. The transcript reflects that following the incident, the victim gave only a vague description of her attacker, that the victim did not make a pretrial identification and that the victim had seen appellant's picture in the newspaper. However, the victim testified that she saw her attacker "clearly and distinctly" because the light was on over her stove as well as in the pantry. The victim further stated that although she saw appellant's picture in the newspaper, she was able to identify appellant based on her ability to see him the night he was in her kitchen. The victim's failure to give a complete physical description of her attacker does not render her in-court identification unreliable. *Price v. State*, 194 Ga. App. 453 (1) (390 SE2d 663) (1990). Nor does the fact that the victim did not participate in a pre-trial identification render her in-court identification inadmissible. *Price v. State*, 159 Ga. App. 662 (1) (284 SE2d 676) (1981). The victim's in-court identification was based on her observation of appellant the night of the attack, and we find no error in the trial court's denial of appellant's motion to suppress the identification.

5. Appellant argues that the trial court erred in allowing the jurors to have a magnifying glass during their deliberation without giving appellant an opportunity to object. Appellant has not shown how he was harmed by either the jurors' use of the magnifying glass or his lack of opportunity to object. Even if an error was committed by the trial court, no reversal is required because appellant has not shown harm. *Butts v. State*, 198 Ga. App. 368 (4) (401 SE2d 763) (1991).

6. In his sixth and seventh enumerations of error, appellant contends that the trial court erred in requiring appellant to reveal the name and written report of his expert witness and in allowing the State to comment during closing argument on the absence of appellant's expert witness. The trial court granted appellant's pre-trial re-

quest for funds to hire a fingerprint expert and further ordered that appellant provide the State with the expert's name as well as a written report of the expert. We find no error with the trial court's requiring appellant to provide the State with the name and report of his expert witness. *Sabel v. State*, 248 Ga. 10 (6) (282 SE2d 61) (1981). Although we have no transcript of the State's closing argument, *Sabel* seems to allow the State to argue to the jury that appellant would have called the expert if the results of the expert's testing had been favorable.

7. Contrary to appellant's arguments, the evidence was sufficient to enable the jury to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

*Mark J. Nathan,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.