## 35869. KELLER v. THE STATE.

UNDERCOFLER, Chief Justice.

On December 22, 1978, appellant shot and killed her husband while he lay sleeping. She then called police and told them she committed the crime. At trial, her defense was justification. A jury convicted her of murder and she was sentenced to life imprisonment. She appeals, enumerating five errors.[1] We affirm.

1. Appellant claims error because the trial judge, when defining justifiable homicide, also read to the jury subsection (b) of Code Ann. § 26-902. She asserts there was no evidence to which this portion of the charge was applicable and it tended to confuse the jury and deprive the appellant of her defense of justification.

It is not usually cause for new trial that an entire Code section is given. *Ford v. State,* 232 Ga. 511, 517 (12) (207 SE2d 494) (1944). Accord, *Highland v. State,* 127 Ga. App. 518 (1) (194 SE2d 332) (1972). This is so even though a part of the charge may be inapplicable under the facts in evidence. *Highland,* supra, at p. 519. *Rowles v. State,* 143 Ga. App. 553, 557 (239 SE2d 164) (1977), cert. den. Accord, *Pippin v. State,* 205 Ga. 316 (9), 323 (53 SE2d 482) (1949).

A remark at the conclusion of the charge on Code Ann. § 26-902 (a) and (b) stating "justification may be implied in all other instances which stand upon the same footing of reason as [sic] justice as those enumerated . . ." was beneficial to appellant, not unclear or harmful, permitting the jury the fullest consideration of the situation that existed in the Keller home prior to the shooting of the deceased. Enumerations of error 1 and 2 are without merit.

2. There also was no error in the trial court's alleged

---

[1] A sixth enumeration was withdrawn.

failure to include within the language of a requested charge language relating to a parent's duty to protect her minor children. See *Miller v. State,* 9 Ga. App. 599, 601 (71 SE 1021) (1911).

The court charged the jury could consider, and determine, whether under the evidence in this case, the danger of repetition of the acts of incest was sufficiently grave to create an incident standing upon the same footing of reason and justice as a right of self-defense.[2] Other instructions given concerned appellant's contention her act of slaying the deceased was justified by reason of his incestuous conduct and as a means of defending herself and her daughters.

We conclude the trial court's charge, though not in the language specifically requested, clearly covered the circumstances of this case and was generous considering appellant's testimony confirming she did not know of the alleged incestuous conduct before she shot and killed her sleeping husband.

3. Appellant's fourth enumeration contends the following portion of the charge was error: "Though good character of an accused is a substantive factor, the evidence of such character should be weighed and considered by the jury in connection with all the other evidence in the case. *Good character of the accused is not a distinct substantive defense."* (Emphasis supplied.)

This instruction was followed with the pattern charge: "I charge you further that regardless of whether or not the defendant has any other defense, and regardless of whether or not there is any other evidence in the record upon which a reasonable doubt as to her guilt could be based, proof of good character may of itself constitute such a defense in her behalf. And you, the jury, overriding any amount of positive evidence pointing to the guilt of the

---

[2] This part of the charge distinguishes this case from *Miller v. State,* supra. In *Miller,* this language was missing, the court instructing the jury that the father's right to kill the deceased existed only when he had reason to believe an act of fornication was to be committed at the time and place of the killing — then and there.

defendant may, if you see fit, acquit the defendant upon the reasonable doubt and proof of good character generated in your minds. In that event, the form of your verdict would be 'we, the jury, find the defendant not guilty.' "

Appellant argues the italicized portion of the charge was not in the language of her requested charge and confused the jury because it stated good character *was* a defense and *was not* a defense. We do not agree. Read as a whole, the charge instructed the jury that good character may be a substantial factor which, if present, should be weighed and considered, and evidence of this type may be sufficient in the absence of any other evidence to create a reasonable doubt authorizing acquittal.

The instruction that "good character of the accused is not a distinct substantive defense" has been approved in connection with a series of additional charges on good character as here. *Spear v. State,* 230 Ga. 74, 76 (195 SE2d 397) (1973); *Scott v. State,* 137 Ga. 337 (3) (73 SE 575) (1911); *Seymour v. State,* 102 Ga. 803 (30 SE 263) (1897). However, if isolated, it might be difficult for a lay jury to comprehend its legal significance. For this reason, we would recommend the use of the pattern charge on good character which does not include this statement.

4. There was no reversible error in permitting a witness to identify, over objection, the bloody t-shirt worn by the deceased.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents to Division 4 and the judgment.*

ARGUED FEBRUARY 11, 1980 — DECIDED MARCH 18, 1980 — REHEARING DENIED MARCH 31, 1980.

*Awtrey & Parker, George W. Darden, Toby B. Prodgers,* for appellant.

*William A. Foster, III, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.