## 39588. ESTES v. THE STATE.

CLARKE, Justice.

Robert Joel Estes was convicted of the murder of his six-month-old daughter. His co-defendant, the child's mother, was acquitted. He brings this appeal based on two enumerations of error. We affirm.

1. In his first enumeration of error Estes argues that the court erred in denying his motion for a directed verdict in that the state failed to prove the corpus delicti, that the defendant committed the murder by one of the means charged. In *Warren v. State,* 153 Ga. 354 (112 SE 283) (1922), relied upon by Estes, this court held that the state must prove the corpus delicti by showing ". . . that the person alleged in the indictment to have been killed is actually dead, and second, that the death was caused or accomplished by violence, or other direct criminal agency of some other human being, that is, it was not accidental, nor due to natural causes, nor to the act of the deceased; and that the accused caused the death by one or more of the means charged." Id. at 354. The evidence in the present case showed that the child was not breathing on arrival at the hospital, that she suffered severe head and facial trauma, and that her death was due to asphyxiation caused by her brain's swelling as a result of the severe trauma to her head. There was medical testimony that death was not due to strangulation on liquid as claimed by Estes. There was medical testimony that the damage could not have been self-inflicted or have

resulted from an accidental fall or other mishap.

Estes insists that the state failed to prove that death was caused by the means charged. We do not agree. The child was with her grandmother from approximately 9:30 a.m. while her mother went to work until 4:00 p.m. when she was picked up by her father. There is no evidence of any other person's having access to the child between 4:00 p.m. and 6:00 p.m. when Estes called his wife and told her that he thought the child was dead. He then picked up his wife at work some ten miles from the couple's residence, and they drove to the hospital. The baby was not breathing upon arrival at the hospital, and time of death was fixed at approximately 6:00 p.m. The child's grandmother testified that the child was healthy when picked up by her father. Although she had a few scratches and bruises, they were nothing like the injuries which were apparent from the post mortem photos which she saw. Similar testimony was elicited from a babysitter as to the child's condition on the night before her death.

The court did not err in failing to direct a verdict in favor of Estes. A directed verdict of acquittal is appropriate only when there is no conflict in the evidence. *Rucker v. State,* 250 Ga. 371 (297 SE2d 481) (1982); OCGA § 17-9-1 (Code Ann. § 27-1802). Although the issue is not directly raised by Estes, we also find that there was sufficient evidence at trial to meet the test of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), as to sufficiency of the evidence.

2. Estes complains that the court erred in giving three charges requested by the state: (1) a charge based on OCGA § 19-7-2 (Code Ann. § 74-105) which sets forth the duty of each parent to provide protection, maintenance and education of his child until the child reaches majority; (2) a charge based on OCGA § 16-5-70 (Code Ann. § 26-2801) and *Manor v. State,* 223 Ga. 594 (157 SE2d 431) (1967), that if the jury found that defendant had committed the homicide alleged while engaged in commission of the felony of cruelty to children, they would be authorized to find him guilty of murder; (3) a charge that if the jury found that the death of the infant occurred as a result of willful omission to act, such willful omission to act would be felony murder, and that if the jury found death occurred as a result of a negligent omission, then the negligent omission would amount to involuntary manslaughter by commission of an unlawful act.

Estes complains as to the charge on parental duty that it has no application to a criminal case. However, the charge was a correct statement of a general principle of law and of the statutory law of this state which was in no way confusing or misleading to the jury. Further, the statement of the parental duty to a child bears directly on the third charge complained of, that involving negligent omission to protect and maintain.

The second charge complained of, the charge as to cruelty to children, is attacked because there was no evidence of deprivation of necessary sustenance or neglect and that neither cruelty nor infliction of mental or physical pain was alleged in the indictment. It is not usually cause for a new trial that a code section is charged in its entirety even though all sections may not be applicable. *Keller v. State,* 245 Ga. 522 (265 SE2d 813) (1980). In *Stanley v. State,* 153 Ga. App. 42 (264 SE2d 533) (1980), relied upon by Estes, the Court of Appeals reversed a conviction because of a charge on the use of a deadly weapon when no evidence showed use of such a weapon. Estes argues that the charge as to neglect placed an additional burden on him to prove that he did provide necessary sustenance to the child. We do not find this to be so. There was sufficient evidence of negligent omissions to justify a charge on neglect.

Estes complains that the charge as to the felony of cruelty to children relieved the jury of any necessity for finding intent. The essence of felony murder is that the intent to murder is supplied by the intent to commit the underlying felony, in this case cruelty to children as defined by OCGA § 16-5-70 (Code Ann. § 26-2801). The statute defining the crime of murder expressly provides that "A person . . . commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c) (Code Ann. § 26-1101 (c)). Under this statute, an indictment having alleged "murder," instructions as to either malice murder or felony murder could be appropriate depending upon the evidence. In view of the evidence of physical cruelty here, the instructions as to felony murder were proper.

Finally, Estes argues that the court erred in charging that if the jury found the death to have occurred as a result of negligent omission of one or both parents, then the negligent omission would be involuntary manslaughter by an unlawful act. This charge was not improper and was, in fact, beneficial to Estes. His complaint that it was improper because of lack of evidence of neglect is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1983 —
REHEARING DENIED JULY 25, 1983.

*Irvan A. Pearlberg, Joseph M. Todd,* for appellant.

*Thomas J. Charron, District Attorney, Joseph L. Chambers, Jack E. Mallard, Assistant District Attorneys, Michael J. Bowers, Attorney General, Nicholas C. Dumich, Assistant Attorney General,* for appellee.