### 73839. PASCHAL v. THE STATE.
(354 SE2d 5)

DEEN, Presiding Judge.

The appellant, Warren Paschal, was tried and convicted for an armed robbery and aggravated assault that occurred at a liquor store in Columbus, Georgia. At approximately 4:30 p.m. on January 10, 1986, having just returned from the bank with over $4,500, the liquor store manager was approached by a man wearing an army field jacket with a hood, possibly with a cap underneath. Wielding a pistol, the man demanded the money, and struck the manager with the pistol when he refused to hand it over. The manager then tossed the money into a nearby thicket, and the robber retrieved it and ran off. Behind the liquor store was a dirt road that also ran behind a service station located approximately 200 yards from the liquor store. Two service station employees observed the robber, along with another man driving, travelling hurriedly down the dirt road in a late-model silver/gray BMW with its tag covered by a rag. The appellant was arrested on other charges in April 1986 while driving a 1985 silver BMW that belonged to his girl friend, with whom he lived. A line-up subsequently was held, at which the liquor store manager immediately and positively identified the appellant as the man who had assaulted and robbed him. The service station employees were unable to identify the appellant positively.

At the trial, the liquor store manager once again positively identified the appellant, and the two service station employees testified that they were unable to identify him. The appellant presented an alibi defense that was corroborated by his girl friend and her daughter. *Held*:

1. The appellant contends that the fact that the two service station employees were unable to identify the appellant in line-ups should have been disclosed pursuant to his pre-trial *Brady* motion. Even assuming that this information could be classified as exculpatory, the testimony was adduced at trial, and it is clear that counsel for the appellant was aware of this information before the trial. No *Brady* violation resulted. See *Bentley v. State*, 178 Ga. App. 90 (342 SE2d 25) (1986).

2. During cross-examination of the appellant, the trial court over

objection allowed the prosecutor to ask several times why the appellant had never mentioned his alibi defense to the police after his arrest but before the trial. This constituted harmful error, necessitating a new trial. *Clark v. State*, 237 Ga. 901 (1) (230 SE2d 277) (1976). Compare *Alderman v. State*, 241 Ga. 496 (246 SE2d 642) (1978).

3. The appellant's arrest actually resulted from the suspicious nature of one witness who had observed the appellant in the BMW parked in front of a bank several times in April 1986, and contacted the police about this possible "casing." When the officers responding to this witness' call stopped the BMW, one officer was aware of outstanding warrants against the appellant unrelated to the incident of January 10, 1986, and the appellant was arrested.

During opening statement the prosecutor remarked that the appellant was arrested pursuant to two other arrest warrants outstanding on him unrelated to this case. Counsel for the appellant objected and moved for mistrial, which was denied by the trial court, although the jury was instructed not to consider the fact that the appellant had been charged with other crimes. Evidence of the circumstances of the appellant's arrest was admissible, *Sims v. State*, 180 Ga. App. 537 (349 SE2d 783) (1986), and the prosecutor's reference to those circumstances thus was not ground for mistrial.

4. The appellant also contends that the evidence was insufficient to support the conviction. However, viewing the evidence in the light most favorable to the verdict, it authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1987 —
REHEARING DENIED FEBRUARY 16, 1987 —

*William J. Mason*, for appellant.
*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.