A92A0671. HAMBRICK v. THE STATE.
(420 SE2d 308)

BEASLEY, Judge.

Hambrick appeals his judgment of conviction and sentence for armed robbery, OCGA § 16-8-41, and possession of a firearm by a convicted felon, OCGA § 16-11-131 (b), following the denial of his motion for new trial.

1. Relying on *Salisbury v. State*, 221 Ga. 718 (2) (146 SE2d 776) (1966), appellant contends that the trial court's preliminary instruction on the burden of proof, given just after the jury was impanelled and sworn, improperly restricted them to consideration of the state's evidence.

First, appellant made no contemporaneous objection to the instruction. A criminal defendant is not relieved "of the obligation to make timely objection throughout the trial. This obligation is essential to the court's trying the case with as few errors as possible." *Foshee v. State*, 256 Ga. 555, 557 (2) (350 SE2d 416) (1986). OCGA § 5-5-24 (c), which relieves a criminal defendant from making exceptions to errors in a charge except in certain well-defined instances, applies to the jury instruction at the end of the case. Id. at 557.

Second, *Salisbury*, supra, is inapposite. There the Court rejected as harmful error an instruction that if the State's evidence proved the material allegations of the indictment beyond a reasonable doubt, "the defendant on trial would be guilty and it would be your duty to so say by your verdict." In contrast, the court here instructed that "the State has the burden of proof. That simply means that the State has the responsibility of presenting to you the evidence on which they contend shows the defendant is guilty of the offense as charged. . . . The defendant does not have to present to you any evidence and is

not obligated to prove to you that he is guilty or not guilty in the case." The court continued by instructing that the State has the burden of going forward and "once they've completed . . ., offering their evidence, the defense will have the opportunity to offer evidence, if they wish to do so," and that it is the duty of the jury to determine the facts "once both sides have offered all their evidence." The instruction, "taken as whole and not adjudged in isolation," *Catchings v. State*, 256 Ga. 241, 248 (11) (347 SE2d 572) (1986), was not erroneous.

2. Appellant contends that he was improperly impeached by references to his post-arrest silence.

Appellant testified in his own defense that on the day in question he and his girl friend had been arguing, that he had moved into his friend Jones' apartment, and that he was in Jones' company at 4:45 p.m. when the robbery occurred. Jones testified for the defense but was unable to specify whether he was with appellant on that day. On cross-examination, appellant was asked whether this was the first time he had mentioned having had a fight with his girl friend, to which he responded in the negative. The State then inquired, "Did you tell anybody else when you were arrested?" Appellant's counsel objected on Fifth Amendment grounds, and the State abandoned the question before any response was given. The State then asked again whether this was the first time he had told the story about the fight with his girl friend and moving into Jones' apartment. An objection was asserted on the same grounds. The court admonished, "Counsel, he's not bound to tell anybody anything. . . [There] wouldn't be any need to ask him if the jury can't make any determination from that. I already told them he had no burden to do anything." The State abandoned the question, which when asked the first time had been answered "no." No further relief was requested.

To the extent that the State sought to tread on territory protected by the Fifth Amendment privilege against self-incrimination, the court curtailed the inquiry. Compare *Clark v. State*, 237 Ga. 901 (1) (230 SE2d 277) (1976) (harmful error resulted where the State was permitted to cross-examine defendant extensively regarding his failure to advise investigating officers of his alibi defense). Compare also *Paschal v. State*, 181 Ga. App. 794 (2) (354 SE2d 5) (1987).

The inquiry here, which yielded only responses that defendant *had* related his alibi earlier, and which was stopped by the court before prejudice arose, did not constitute a comment on defendant's silence or failure to come forward, such as would mandate reversal on State evidentiary grounds under *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991).

3. In three enumerations of error, appellant complains that he was compelled to give a handwriting exemplar during his cross-exami-

nation, in violation of his right against self-incrimination, under the State Constitution, and OCGA § 24-9-20 (a); that the court violated its duty under OCGA § 17-8-75 in failing sua sponte to limit the State's cross-examination in that regard; and that the State was precluded under OCGA § 24-7-7 from introducing that evidence at trial.

The victim testified that he hired appellant and agreed to pay him $175 to do some painting at an apartment complex which he managed. The victim advanced appellant $20 for supplies for which he obtained a receipt, signed by appellant in his presence. Later in the day appellant robbed him at gunpoint of $300 in cash rental proceeds. Appellant denied his participation in the crime. The signed receipt was introduced in evidence without objection. On cross-examination, appellant denied that the signature on the receipt was his. The State then asked, "You want to write your signature down for us so we'll know what your signature looks like?" Appellant responded, "Sure. How many times?" He proceeded to sign his name several times. No objection was raised throughout this process, and the exhibit was received without objection.

Without deciding that the contentions were not waived, we address their merits. "[A]lthough evidence may be compulsorily adduced from an accused, it is constitutionally impermissible to compel an accused to perform an act which results in the production of incriminating evidence. [Cit.] The distinction is between forcing an accused to *do* an act against his will and requiring an accused to *submit* to an act. While the latter 'takes evidence from the defendant' [cit.], and is constitutionally acceptable, the former compels the defendant, in essence, to *give* evidence which violates an individual's right not to incriminate himself." (Emphasis in original.) *State v. Armstead*, 152 Ga. App. 56 (1) (262 SE2d 233) (1979).

Appellant was not compelled to give the exemplar; he was asked to submit to the act, which he readily agreed to do. There was no violation of the Georgia constitutional right nor of OCGA § 24-9-20 (a). The statutory prohibition against self-incrimination provides that no accused "shall be compellable to give evidence for or against himself." No compulsion was involved.

OCGA § 17-8-75 provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same." "The statute prohibits *statements* of prejudicial matters not in evidence. Its usage has been confined to counsel's oral statements in which prejudicial facts not in the record are introduced [cit.]; oral statements in which counsel expresses his belief as to a defendant's guilt [cit.], or a witness' veracity [cit.]; or oral questions posed by counsel that accomplish the same result as an oral statement. [Cit.] However, an *act* has fallen beyond the bounds of OCGA § 17-8-75."

(Emphasis in original.) *Patten v. State*, 184 Ga. App. 152, 153 (2) (361 SE2d 203) (1987). The court had no duty under that Code section to prevent appellant from giving the handwriting exemplar.

Nor was there a violation of OCGA § 24-7-7 which mandates that writings "intended to be introduced, shall be submitted to the opposite party before he announces ready for trial." The exhibit was not even in existence until after the conclusion of the State's case-in-chief.

4. Appellant enumerates as error the jury charge on the entire armed robbery statute, OCGA § 16-8-41 (a). He was indicted for armed robbery "by intimidation and by use of a handgun, the same being an offensive weapon." The court instructed that the statute defines armed robbery and read the statute, including the reference to the alternative complained-of "any replica, article or device having the appearance of such weapon." The instruction continued, "the State contends that the alleged victim was robbed by the use of a handgun, an offensive weapon. . . ."

"It is not usually cause for new trial that an entire Code section is given. [Cits.] This is so even though a part of the charge may be inapplicable under the facts in evidence. [Cits.]" *Keller v. State*, 245 Ga. 522 (1) (265 SE2d 813) (1980). The indictment was read to the jury as part of the court's instruction and was provided to them during deliberations. The targeted instruction was a correct statement of the law and, considering the entire charge, could not have misled the jury into convicting defendant of a manner not charged by the grand jury. Moreover, it was not disputed that the weapon, if any, was a handgun, so the jury could not have been confused. Cf. *Estes v. State*, 251 Ga. 347 (2) (305 SE2d 778) (1983). Compare *Owens v. State*, 173 Ga. App. 309 (326 SE2d 509) (1985), where defendant was indicted for trafficking in cocaine; an instruction that a conviction would be authorized upon a finding that he was in actual or constructive possession of the contraband constituted reversible error.

5. Appellant contends that the trial court violated OCGA § 17-8-57 during its charge to the jury. That Code section prohibits the court from expressing or intimating an "opinion as to what has or has not been proved or as to the guilt of the accused."

The charge is considered in its entirety in order to determine whether a portion of it improperly constituted an expression of opinion on the facts. *Sweat v. State*, 173 Ga. App. 441 (326 SE2d 809) (1985). After fully instructing the jury on appellant's defense of alibi, the court concluded: "Now, of course, the court does not suggest that there is evidence or is not evidence of an alibi. That depends on what you believe and what you think about the evidence. The defendant says he was not there. The state contends that the evidence does not show that he was not there. The evidence shows that he was there.

That's for you, the jury, to determine based on how you size up the evidence in the case." The court merely restated the contentions of the parties; it expressly declined to intimate or suggest an opinion with respect to the evidence. The judge's omission of the word "that" before stating the positive aspect of the State's contention as the other side of the coin from the negative aspect which addressed the alibi, could not have led the jury to understand the recital as the opinion of the judge. If there was any doubt about it whatsoever, it was eliminated by the later charge confirming that determination of the facts is "the jury's business" and that "I can't even comment or hint on what I think. It doesn't make any difference what I think." OCGA § 17-8-57 was not violated. See *Lee v. State*, 186 Ga. App. 849 (368 SE2d 804) (1988).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 29, 1992 —
RECONSIDERATION DENIED JUNE 26, 1992 — 

*Anna Blitz*, for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney*, for appellee.