S92A0822. WILLIAMS v. THE STATE.
(420 SE2d 301)

FLETCHER, Justice.

David Lamar Williams shot and killed Gregory Roberson. Williams was indicted for malice murder, felony murder and the underly-

ing felony of possession of a firearm by a convicted felon, as well as possession of a firearm during the commission of the crime. He was convicted on all counts of the indictment but was sentenced only on the malice murder and the two possession counts. Williams appeals and we affirm.[1]

1. Considering the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Williams guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Williams challenges the constitutionality of OCGA § 16-5-1 (c) as applied to the facts of this case. However, this issue was not asserted below and cannot be raised for the first time on appeal.

3. Williams argues that his motion to sever the malice murder count from the felony murder and underlying felony counts should have been granted. While Williams concedes that the trial court's refusal to sever complies with the dictates of *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), he contends that *Head* did not go far enough in defining when bifurcation of malice and felony murder counts is necessary and that the court should take this opportunity to expand upon its decision in *Head*. We decline such invitation and approve the trial court's refusal to sever.

4. Williams insists that the trial court erred by failing to charge the jury that they were not to consider his prior habitual violator conviction for any purpose other than determination of the possession of a firearm by a convicted felon count of the indictment.[2] Accord *Head v. State*, supra. However, Williams did not submit a written request for such a charge and, following the court's charge to the jury, Williams neither objected to the absence of such a charge, nor reserved the right to enunciate his objections to the court's charge at a later date. As a result, any such error in the charge to the jury has been waived. *Rivers v. State*, 250 Ga. 303 (298 SE2d 1) (1982).

5. The trial court's decision to give curative instructions to the jury rather than to grant the mistrial requested by Williams following the introduction by the state of impermissible bad character evidence was within the discretion of the trial court and was not error. *Farley v. State*, 260 Ga. 816 (4) (400 SE2d 626) (1991).

---

[1] The homicide occurred on June 29, 1990. The indictment was returned on October 31, 1990. Williams was convicted on May 24, 1991 and was sentenced on May 31, 1991. He filed a motion for new trial on June 21, 1991 and amended that motion on December 13, 1991. The motion was denied on February 7, 1992. A notice of appeal was filed on February 13, 1992 and the case was orally argued before this court on June 2, 1992.

[2] Williams was a convicted felon because of his status as a habitual violator under OCGA § 40-5-58. At the time evidence of the prior felony conviction was introduced, the trial court instructed the jury as to the limited purpose for which that evidence was to be considered.

6. The trial court denied Williams' motion to suppress certain evidence found during a search of his automobile. Williams argues that the denial was error. However, the objections he currently asserts to the seized evidence are not the objections that he asserted before the trial court. The present objections cannot be asserted for the first time on appeal.

7. The state's motion in limine to exclude evidence of the victim's criminal record and the presence of cocaine in his bloodstream at the time of his death was granted by the trial court. Williams now contends that the trial court erred by refusing to allow him to introduce such evidence after the state opened the door to it by having the victim's mother testify as to the victim's good character. The record reveals that following the introduction of the alleged good character evidence, Williams did not attempt to introduce any bad character evidence. Accordingly, Williams' argument in this regard is without merit.[3]

8. Williams waived his objection concerning the form of the indictment by failing to voice that objection prior to trial as is required by OCGA § 17-7-113.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham and Sears-Collins, JJ., concur.*

DECIDED SEPTEMBER 11, 1992.

*Calhoun & Associates, John R. Calhoun, Gregory N. Crawford,* for appellant.

*Spencer Lawton, Jr., District Attorney, Kim Rowden, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.

---

[3] Williams' trial was concluded prior to the effective date of our ruling on this subject in *Chandler v. State,* 261 Ga. 402 (3) (405 SE2d 669) (1991).