S92G1376. BLIGE v. THE STATE.
(430 SE2d 761)

FLETCHER, Justice.

Nathaniel Blige was convicted by a jury of armed robbery, aggravated battery and burglary. He appealed the judgment of conviction and the denial of his motion for new trial to the Court of Appeals where both were affirmed. *Blige v. State,* 205 Ga. App. 133 (421 SE2d 547) (1992). We granted Blige's application for a writ of certiorari to consider Div. 6 of the Court of Appeals' opinion to determine whether the state should be permitted to argue to a jury that a defendant would have called his or her own expert witness if the results of the expert's testing had been favorable.

1. During closing arguments, the state made several remarks concerning expert fingerprint evidence and Blige's lack of proof in rebuttal. Specifically, the state argued:

If he could dispute those fingerprints, where is his expert? He had something that could be examined, where is he at?

They could have brought somebody in to dispute the fingerprints, if they can be disputed.

No fingerprint expert to dispute the evidence because there's no disputing it.

In ruling that the aforesaid argument was permissible under *Sabel v. State,* 248 Ga. 10 (282 SE2d 61) (1981), the Court of Appeals did not have the benefit of a transcript of the actual comments made by the state. We have been provided with a transcript of the state's closing argument and having reviewed that argument have concluded that the state's argument is not a reference to Blige's failure to call

his own expert witness, but is only a comment on the defense's failure to rebut the state's fingerprint evidence. *Ingram v. State*, 253 Ga. 622, 634 (8) (323 SE2d 801) (1984). This was a permissible argument in this case, but for reasons other than those enunciated by the Court of Appeals.

2. Relying on *Sabel*, the Court of Appeals held that the state is allowed to argue that Blige would have called the expert if the results of the expert's testing had been favorable. Although this tactic is permitted under *Sabel*, the state must still lay the same foundation for this argument as would be required for any argument counsel wishes to make to the jury. It is a basic tenet of trial procedure that counsel cannot argue facts not in evidence. *Montos v. State*, 212 Ga. 764, 768 (95 SE2d 792) (1956). In order to comment concerning the failure of a defendant to call a particular expert witness, the existence of that expert witness must be in evidence, *Shirley v. State*, 245 Ga. 616 (266 SE2d 218) (1980),[1] as well as the fact that the defense has been provided with materials to be analyzed by that expert witness. Thus, we disapprove any language in Div. 6 of the Court of Appeals' opinion which could be construed to mean that such argument may be made without the proper foundation having first been laid.

3. Blige also contends that the trial court erred when it required him to reveal the name of his expert and provide the state with a copy of his expert's report. The holding in *Sabel* expressly authorizes such disclosure. *Sabel*, 248 Ga. at 18. See also *Caldwell v. State*, 260 Ga. 278 (4) (393 SE2d 436) (1990).[2]

*Judgment affirmed. All the Justices concur, except Hunstein and Carley, JJ., who concur as to Division 1 and in the judgment.*

DECIDED JUNE 28, 1993.

*Mark J. Nathan*, for appellant.

---

[1] See also *Dorsey v. State*, 204 Ga. 345 (49 SE2d 886) (1948) (prosecutor properly drew inference drawn from facts recited in accused's statement and defense's failure to produce witnesses referred to therein); *James v. State*, 223 Ga. 677 (157 SE2d 471) (1967) (prosecutor cannot comment on failure to call accused's wife as witness when wife invokes privilege and therefore is not competent to testify); *Rini v. State*, 236 Ga. 715 (225 SE2d 234) (1976) (prosecutor properly drew inference in closing when defendant failed to produce a named alibi witness); *Contreras v. State*, 242 Ga. 369 (249 SE2d 56) (1978) (prosecutor properly drew inference in closing after defense identified but did not call alleged favorable witness); *Couch v. State*, 253 Ga. 764 (325 SE2d 366) (1985) (prosecutor properly drew inference in closing after defense referred to witness in opening but did not produce that witness).

[2] The rule in *Sabel* requiring a defendant to provide the name of his or her expert and a report of the expert's findings to the state is based on the reciprocal requirement placed on the state by OCGA § 17-7-211. That rule applies equally to both indigent and non-indigent defendants and, as a result, a trial court cannot require a defendant to provide a copy of his or her expert's written report to the state merely because the state is providing the funds.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.