S94A1771. LEE v. THE STATE.

(454 SE2d 761)

BENHAM, Presiding Justice.

This appeal follows appellant's conviction of felony murder wherein the victim died from two gunshot wounds: one in the chest from a range of six to eight inches and one behind the victim's ear from a range of one to one-and-one-half inches. The fatal wounds were made by a .38 pistol.[1]

1. Evidence at trial established that appellant had, on several occasions, confronted the victim and the victim's wife regarding an alleged affair that the victim was having with appellant's former wife. Appellant testified that the affair had destroyed his marriage and was preventing a reconciliation. In an attempt to convince the victim to stop seeing appellant's former wife, appellant, a resident of Texas, flew to Atlanta to confront the victim, bringing with him a .38 pistol.

---

[1] The crime occurred on April 26, 1990. The defendant was initially tried on May 6-11, 1991. The jury returned its verdict on May 11, 1991 and the trial court sentenced appellant to life imprisonment on the same day. In *Lee v. State*, 262 Ga. 593 (423 SE2d 249) (1992), this court reversed appellant's judgment under *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992) and remanded the case for a new trial. Appellant's second trial began on September 20, 1993. The jury returned a verdict finding appellant guilty of felony murder on September 24, 1993, and the court sentenced appellant to life imprisonment on the same day. His motion for new trial, filed on October 18, 1993, and amended on June 8, 1994, was denied on June 9, 1994. Appellant's notice of appeal was filed on June 24, 1994. The appeal was docketed in this court on August 12, 1994, and was submitted for decision on briefs on October 3, 1994.

Because the victim was out of town, however, appellant flew back to Texas and subsequently returned to Atlanta at a later date.

When appellant arrived at the victim's residence the second time, he again brought the gun. The victim was at home and allowed appellant inside where the two men sat down at the kitchen table and began to converse. According to appellant, the victim refused to end the affair and taunted appellant about his manhood. Appellant placed the gun on the table, stating to the victim that he did not want to see the victim die since the victim's wife and child would suffer. Appellant testified that he fired twice when the victim grabbed at his gun and lunged at him with a pair of scissors. Police officers found a pair of scissors in the victim's right hand. A forensic expert testified at trial that the victim was shot while in a seated position. After shooting the victim, appellant attempted to erase his fingerprints from the door, and placed a white powdery substance around the victim's mouth and around a soft drink can in order to make the killing appear drug-related. He then flew back to Texas and pawned the gun.

2. We conclude that a rational trier of fact could have found appellant guilty of the crime of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. (a) Appellant contends that the trial court erred by instructing the jury on all subsections of the justification statute.[2] Specifically, appellant contends that the trial court should have instructed only on OCGA § 16-3-21 (a) and (b) (1), and should not have instructed on (b) (2) or (b) (3). We find no error.

"It is not usually cause for a new trial that an entire Code section is given . . . even though a part of the charge may be inapplicable under the facts in evidence. [Cits.]" *Keller v. State*, 245 Ga. 522 (1) (265 SE2d 813) (1980); accord *Estes v. State*, 251 Ga. 347 (2) (305 SE2d 778) (1983). Viewing the charge in its entirety, the charge on

---

[2] OCGA § 16-3-21 provides that:

(a) A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony.

(b) A person is not justified in using force under the circumstances specified in subsection (a) of this Code section if he:

(1) Initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant;

(2) Is attempting to commit, committing, or fleeing after the commission or attempted commission of a felony; or

(3) Was the aggressor or was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other, notwithstanding, continues or threatens to continue the use of unlawful force.

the entire justification statute was not error, see *Jolley v. State*, 254 Ga. 624 (331 SE2d 516) (1985), and may have even been beneficial to appellant since the evidence indicated that he purchased a gun in Texas and flew to Atlanta to confront the victim. See *Keller*, supra.

(b) Appellant also contends that the trial court erred in failing to include a verdict form for the jury which allowed the jury to find appellant not guilty if it found appellant acted in self-defense. This enumeration of error lacks merit. Prior to the trial court charging the jury, appellant's counsel approved the form of the verdict, thereby waiving any possible error. *Earnest v. State*, 262 Ga. 494 (3) (422 SE2d 188) (1992). See *Thompson v. State*, 211 Ga. App. 887 (1) (440 SE2d 670) (1994).

(c) During its deliberations, the jury asked for a recharge on murder and voluntary manslaughter. Appellant asserts that the trial court erred when it failed to include a charge on self-defense in the recharge. This contention is without merit as "[t]he need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court," *Peebles v. State*, 260 Ga. 165 (5) (a) (391 SE2d 639) (1990), and appellant neither requested a recharge nor objected to the trial court's failure to give such a recharge. See *Williams v. State*, 262 Ga. 422 (4) (420 SE2d 301) (1992).

4. Appellant enumerates as error the trial court's refusal to grant a mistrial after the State commented upon appellant's failure to call his former wife as a witness and speculated as to what her testimony might have been. Appellant contends that he and his former wife should be considered common law husband and wife because they resumed living together after the divorce, and that under *James v. State*, 223 Ga. 677 (157 SE2d 471) (1967), she was not compellable to testify for or against him.

Because appellant failed to object to the state's comment on this ground, he has not preserved this issue for appeal. *Williams*, supra. At trial, appellant asserted that the State's comment on the failure of appellant's former wife to testify implied that the defense had a burden of bringing forward evidence. However, appellant testified that he and his former wife were planning to reconcile and that the victim's affair with her was preventing such reconciliation. Because it is permissible to argue unfavorable inferences when a defendant fails to produce a witness after his testimony indicates that persons with relevant information may exist, *Dorsey v. State*, 204 Ga. 345 (3) (49 SE2d 886) (1948) (see also *Blige v. State*, 263 Ga. 244, 245, n. 1 (430 SE2d 761) (1993)), we conclude that the State's comment was not improper on the ground asserted at trial.

5. Appellant contends that the trial court violated his due process rights because he was convicted of felony murder when the evidence showed that he committed an aggravated assault upon the victim and

death occurred. He contends that no independent felony was involved. We visited this issue in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992) where we adopted the partial merger rule, making it permissible to convict appellant of felony murder with aggravated assault as the underlying felony. Therefore, this enumeration of error lacks merit.

6. Appellant also asserts that the State misstated part of his testimony in its closing argument.[3] Because no objection was made at trial, see *Williams*, supra, nor does appellant even suggest how he might have been prejudiced by the misstatement, see *Roberts v. State*, 243 Ga. 604 (11) (255 SE2d 689) (1979), we find no error.

7. Appellant asserts that the trial court's charge on voluntary manslaughter was improper because it included references to malice when he was acquitted of malice murder at his first trial. Appellant specifically contends that the court's charge allowed the jury to convict him for malice murder even though he was not on trial for that offense.

In instructing the jury, the trial court read verbatim the indictment charging appellant with felony murder. The trial court charged the jury on the law of felony murder and aggravated assault, omitting any reference to the offense or statutory elements of malice murder. The trial court also charged on voluntary manslaughter, giving the pattern jury instruction. Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, p. 73. The court also gave the pattern jury instruction on intent to kill. Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, p. 76.

We recognize that this case presents an unusual situation involving possible verdicts of felony murder or voluntary manslaughter and excluding any possible verdict of malice murder. This situation was brought about by the acquittal of appellant on the charge of malice murder during the first trial. See *Lee v. State*, 262 Ga. 593 (423 SE2d 249) (1992). Although the trial court should have eliminated any reference to malice in its charge on voluntary manslaughter, the references made here, viewing the charge in its entirety, do not constitute reversible error. First, appellant was not prejudiced by the references because he could not have been convicted of malice murder. Further, contrary to appellant's contentions, the court did not charge on malice murder, but merely referenced malice in the course of charging on voluntary manslaughter to distinguish it from an intentional killing.

---

[3] Appellant testified that while looking for the victim's residence, he stopped to ask for directions. As he rolled down the passenger window, a man entered his car and took his wallet. When appellant told the man that he needed the money contained in the wallet, the man threw a bill to him but retained the wallet. In closing argument, the State remarked that the man took appellant's wallet, but returned the wallet after retaining $20.

Under the circumstances, giving the pattern charge on voluntary manslaughter was not reversible error.

8. In a supplemental appellate brief, appellant asserts that the trial court erred in failing to charge on reckless conduct. Since appellant did not raise this issue in his enumerations of error, we will not consider it on appeal. *Rider v. State*, 226 Ga. 14 (2) (172 SE2d 318) (1970).

*Judgment affirmed. All the Justices concur, except Hunt, C. J., who concurs specially.*

HUNT, Chief Justice, concurring.

I respectfully concur in the judgment only in this case, simply because I disagree with that part of Division 6 which holds that it is error (though not reversible) to refer to malice in a jury instruction on voluntary manslaughter, where malice murder is not an alternative verdict. I disagree because one may properly define voluntary manslaughter by contrasting it to malice murder and by showing that voluntary manslaughter, unlike malice murder, involves the absence of malice. An instruction that contains such a definition of voluntary manslaughter, carefully presented by the trial court to any reasonably intelligent jury, should not be confusing and should not be error.

DECIDED MARCH 6, 1995.

*Janice A. Singer, Richard Hicks,* for appellant.

*Thomas J. Charron, District Attorney, Amy H. McChesney, Frank R. Cox, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.