## A95A2287. MILLER v. THE STATE.
### (462 SE2d 630)

BLACKBURN, Judge.

Gary R. Miller appeals his conviction of felony obstruction of an officer, driving under the influence as a less safe driver, driving a vehicle without a driver's license in possession, giving a false name to a law enforcement officer, and operating a vehicle without proof of insurance. Miller was arrested after he was found exiting a vehicle involved in a single car crash.

1. Miller contends insufficient evidence was presented to support his conviction of felony obstruction of a law enforcement officer. At trial, Officer Mitchum with the Laurens County Sheriff's Department, testified that after he arrested Miller for DUI, he put Miller in the back seat of his patrol car. Officer Mitchum then directed traffic while the wrecker positioned itself to pull Miller's car from the ditch. The wrecker driver needed the car keys in order to tow the car. Miller denied having possession of the car keys; however, Officer Mitchum noticed the imprint of keys in the front pocket of Miller's pants. As Officer Mitchum attempted to get the car keys from Miller's pocket, Miller grabbed his arm and pulled him toward the car causing him to strike his head on the roof of the car. Miller then struck Officer Mitchum and attempted to get out of the car. Officer Mitchum sub-

dued Miller by spraying him with Bodyguard Mace.

OCGA § 16-10-24 (b) defines felony obstruction of a law enforcement officer as "knowingly and willfully resist[ing], obstruct[ing], or oppos[ing] any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer." On appeal, Miller asserts that no evidence was presented that Officer Mitchum was "in the lawful discharge of his official duties" when the officer attempted to reach into Miller's pocket to obtain the car keys. Miller contends that the officer was finished directing traffic and no evidence was presented that the officer's duties included assisting a wrecker in removing a vehicle that was not blocking or hindering traffic.

"[A]ll who are proved to have acted as law enforcement officers, whether in uniform or not, are presumed to have been duly appointed as such and to have authority as such until the contrary appears. Proof that one acted as a law enforcement officer is prima facie evidence that he is such officer; and is lawfully discharging his official duties." (Punctuation omitted.) *Logan v. State*, 136 Ga. App. 567, 568 (222 SE2d 124) (1975). In the present case, Officer Mitchum testified that he was on duty and was lawfully discharging his duty. Miller did not present any evidence to contradict Officer Mitchum's testimony. Therefore, Miller's enumeration of error is without merit. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Miller contends that insufficient evidence was presented to support his conviction of the remaining crimes as charged. Miller argues that no direct evidence was presented that he drove a vehicle. Evidence was presented that the car had run over a road sign prior to stopping in a ravine off the shoulder of the road. Officer Mitchum testified that as he arrived on the scene he saw Miller getting out of the car from the driver's side of the vehicle.

"Circumstantial evidence may be used in establishing guilt when the accused is charged with driving under the influence. The credibility of the witnesses is solely a question for the trier of fact. We find from the evidence that a rational trier of fact could find the appellant guilty beyond a reasonable doubt." (Citations omitted.) *Boose v. State*, 185 Ga. App. 728 (365 SE2d 534) (1988).

As to the crimes other than driving under the influence, Miller admitted under cross-examination that he did not possess a valid driver's license; that he gave his brother's name to the officer rather than his own; and that he did not have proof of insurance.

3. In his final enumeration of error, Miller contends the trial court erred in denying his motion for mistrial which was based on the State's closing argument regarding Miller's failure to produce witnesses to the facts he asserted in his defense.

Miller testified that his niece was driving the car; that he passed

out; but when he woke up, he was alone in the car and did not know where anyone else was. During the State's closing argument, the prosecutor commented on the fact that neither Miller's niece nor any member of the family testified. Miller contends this case falls outside the general rule which allows a prosecutor to comment on the defendant's failure to produce certain witnesses because the prosecutor was aware Miller had requested a continuance due to the failure of his witnesses to come to court. The trial court denied Miller's motion for continuance due to his failure to subpoena the witnesses prior to trial, and Miller does not appeal the trial court's ruling on this motion.

We do not agree an exception to the general rule is required under the facts of this case. The proper foundation for the State's argument was laid by the defendant's testimony; therefore, the trial court correctly denied Miller's motion for a mistrial. See *Blige v. State*, 263 Ga. 244 (430 SE2d 761) (1993).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 13, 1995 —
RECONSIDERATION DENIED SEPTEMBER 29, 1995 —

*Morris S. Robertson*, for appellant.
Gary R. Miller, *pro se.*
*Ralph M. Walke, District Attorney, L. Craig Fraser, Jeff J. Conner, Assistant District Attorneys*, for appellee.